UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ELSIE A. HARLOW,

          Plaintiff,

v.                                                           Case No. 5:07-cv-399-Oc-GRJ

MICHAEL J. ASTRUE, Commissioner of Social
Security,

          Defendant.
_____/

## ORDER

Pending before the Court is the Motion For Approval Of Counsel's Contingency Fee Contract With Plaintiff Which Provides For A Fee Of 25 Percent Of Plaintiff's Past Due Benefits; For An Award Of Attorney's Fees Equal To 25 Percent Of Plaintiff's Past Due Benefits Pursuant to 42 USC §406(b)(1); And, For A 14 Day Extension Of Time Within Which To Inform The Court Whether Or Not The Defendant Objects To This Fee (Doc. 31) and supporting Affidavit. (Doc. 35). The Commissioner has filed a response (Doc. 36) and this motion is therefore ripe for the Court's consideration. For the reasons discussed below, Plaintiff's Application is due to be **GRANTED** and the attorney's fees requested in Plaintiff's Application are hereby approved in the total sum of $52,805.75.

## I. BACKGROUND

This case has a long history. On November 27, 1995, Plaintiff filed an application for a period of disability and disability insurance alleging disability as of November 15, 1992. (R. 70-72.) Plaintiff's application was denied initially and upon reconsideration. (R. 73-78, 158-61.) Thereafter, Plaintiff timely pursued her

administrative remedies available before the Commissioner and requested a hearing before an Administrative Law Judge ("ALJ"). (R. 34, 79.) The ALJ conducted Plaintiff's administrative hearing on July 10, 1997. (R. 16, 36-68.) The ALJ issued a decision partially unfavorable to Plaintiff on August 25, 1997. (R. 9-21.) Plaintiff's request for review of the hearing decision by the Social Security Administration's Office of Hearings and Appeals was denied. (R. 6-7.) At that point, Plaintiff's counsel, David Lopez withdrew from representation and told Plaintiff that her claim "lacked sufficient merit to proceed."[1] On February 18, 2009, Plaintiff retained Al Bacharach to represent her on a contingency fee basis.[2]

Plaintiff thereafter appealed to this Court and the matter was reversed and remanded for further proceedings on July 21, 2000.[3] Subsequently, on November 16, 2000, the Court entered an order awarding attorney's fees to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA") in the sum of $2,747.45, representing 20.05 hours of attorney time for representing Plaintiff before the Court.[4] On August 11, 2000, the Appeals Council vacated the prior hearing decision and remanded the matter to an ALJ for further proceedings. (463-64.)

The ALJ conducted a supplemental administrative hearing on May 14, 2001. (R. 566-620.) The ALJ issued a decision denying Plaintiff's application in its entirety on July 24, 2001. (R. 530-38.) Plaintiff's request for review of the hearing decision by the Social

---

[1] See Doc. 35 (Affidavit of Elsie A. Harlow) at ¶7.

[2] See id. at ¶9.

[3] (R. 418-19.) See Harlow v. Apfel, No. 5:99-cv-64-Oc-TJC (M.D. Fla. July 21, 2000).

[4] See Harlow v. Apfel, No. 5:99-cv-64-Oc-TJC (M.D. Fla. July 21, 2000), Doc. 33.

2

Security Administration's Office of Hearings and Appeals was granted and the Appeals Council subsequently remanded the matter back to the ALJ for further development and consideration. (R. 539, 541-43.)

On remand, and pursuant to the Appeals Council's instructions, the ALJ conducted another hearing on April 20, 2004. (R. 621-63.) The ALJ issued a decision partially unfavorable to Plaintiff on August 26, 2004. (R. 393-401.) Plaintiff's subsequent request for review of the hearing decision by the Social Security Administration's Office of Hearings and Appeals was denied. (R. 382-85.) Plaintiff then filed the instant appeal with this Court. (Doc. 1.)

On March 31, 2009, after the issues were briefed by the parties, the Court entered an order pursuant to sentence four of 42 U.S.C. § 405(g) reversing and remanding the case and directing that on remand the Commissioner award disability benefits to Plaintiff for the period of time from June 10, 1997 to the date whenever Plaintiff's eligibility would end. (Doc. 22.) Final Judgment was entered on March 31, 2009. (Doc. 23.) Subsequently, on July 16, 2009, the Court entered an order awarding attorney's fees to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA") in the sum of $3,493.87, representing 20.60 hours of attorney time for representing Plaintiff before this Court. (Doc. 29.)

Thereafter, on remand, the Commissioner determined that Plaintiff was owed $211,223.00 in past due benefits. On or about July 5, 2009, the Commissioner sent the "Notice of Award" to Plaintiff's counsel. Pursuant to the Plaintiff's Contingency Fee

Agreement dated February 28, 1999,[5] Mr. Bacharach now requests that he be paid 25% of the past due benefits – $52,805.75.

In support of the motion, counsel for Plaintiff has filed the Affidavit of Elsie A. Harlow which states that Plaintiff has no objection to the fees requested by counsel. (Doc. 35.) The Commissioner filed a response advising the Court that he objects to the requested fees because the amount represents a windfall for Plaintiff's counsel. (Doc. 36.)

## II. **DISCUSSION**

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee ... not in excess of 25 percent of the ... past-due benefits" awarded to the claimant.[6] The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits."[7]

As required by *Gisbrecht v. Barnhardt*[8] - the Supreme Court's most recent pronouncement concerning the award of 406(b) fees - courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. "A contingent-fee agreement is not *per se* reasonable. Deference should be given, however, to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness to take the case despite the risk of

---

[5] See Exhibit A to Doc. 31.

[6] 42 U.S.C. § 406(b)(1)(A).

[7] Id.

[8] 535 U.S. 789, 808 (2002).

4

nonpayment."[9] As such, when a court is called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases.[10]

In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case,"the so-called "windfall" factor.[11] In these instances, a downward reduction may be in order.

In the instant case the Court finds that the requested attorney's fees, although large, are reasonable. The requested fee will not result in a windfall for counsel – i.e., that counsel is receiving compensation he is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff. In this regard, Plaintiff's counsel has submitted the affidavit of the Plaintiff, in which Plaintiff joins in the request with her counsel for payment of the requested fees, thus evidencing that payment is neither unfair nor detrimental to the claimant. Accordingly, the Court gives substantial weight to the sworn Affidavit of Elsie A. Harlow, who avers that she has been informed

---

[9] Joslyn v. Barnhart, 389 F.Supp.2d 454, 456 (W.D. N.Y. 2005).

[10] Gisbrecht at 805.

[11] Id. at 808.

of her right to object to counsel's fee and that she may consult with independent counsel. Nevertheless, Ms. Harlow avers that:

> If Mr. Bacharach had not agreed to represent me when no one else would and then brought my claim against the Social Security Administration before this Court twice over the last 10 1/2 years without pay, I would never have received a penny of that $211,233.00 in past due benefits; I would not have a monthly income for the rest of my life; and, most importantly to me as a cancer survivor, I would not have any Medicare A and B.

Mr. Harlow further avers that she is "well pleased with Mr. Bacharach's representation and the results" he achieved and that she has "absolutely no objection" to Mr. Bacharach being awarded the $52,805.75 he has requested.

The affidavit of the Plaintiff convinces the Court that Ms. Harlow has been fully and adequately informed of the nature of these proceedings. Further, and most notably, Ms. Harlow represents that she understands the requested fees will be paid from the past due benefits she was awarded - and which are being held in escrow by the Social Security Administration - and that she fully supports payment to her counsel of the requested fees. The rationale behind *Gisbrecht's* requirement that the Court test the fee for reasonableness was to "protect claimants against inordinately large fees." Accordingly, Plaintiff's statement that she fully supports payment of the entire fee is compelling evidence that the fees requested by counsel in this case satisfy the guidelines in *Gisbrecht* and will not result in a "windfall" to Plaintiff's counsel.

Accordingly, for these reasons, the Motion For Approval Of Counsel's Contingency Fee Contract With Plaintiff Which Provides For A Fee Of 25 Percent Of Plaintiff's Past Due Benefits; For An Award Of Attorney's Fees Equal To 25 Percent Of Plaintiff's Past Due Benefits Pursuant to 42 USC §406(b)(1); And, For A 14 Day

6

Extension Of Time Within Which To Inform The Court Whether Or Not The Defendant Objects To This Fee (Doc. 31) is due to be **GRANTED**. Section 406(b)(1) fees are approved for Plaintiff's counsel in the sum of $52,805.75 to be paid out of the Plaintiff's past due benefits currently being withheld by the Social Security Administration. In addition, counsel for Plaintiff is directed to return to Plaintiff the sum of $6,241.32, representing the EAJA fees that previously were awarded to counsel by this Court.

    **IT IS SO ORDERED.**

    **DONE AND ORDERED** in Ocala, Florida, on September 24, 2009.

                                                  GARY R. JONES
                                                  United States Magistrate Judge

Copies to:
    All Counsel